A. L. PENDLETON v. ELECTRIC LIGHT COMPANY.

*Contract—Consideration—Breach ·of Contract—Cause of Action.*

1. Where parties to a contemplated litigation agreed that the disputed matters should be submitted to and heard by the Judge at ·the next · ensuing Term of the Superior Court upon complaint, answer and the evidence, without summons being issued, and that his judgment on such hearing should be final and that either party failing to comply with such agreement should forfeit and pay to the other an agreed sum which might be sued for and recovered at any time after refusal to comply with such agreement; *Held*, that such contract was not illegal or against public policy and was founded upon good and sufficient consideration, so that its violation gave a right of action against the party in default for the whole of the sum agreed upon as liquidated damages.

2. The failure of the plaintiff in such contemplated action to take any steps toward bringing the matter to a hearing at the appointed term of Court, except a motion to file his complaint made late in the afternoon of the last day of the Term and just as the Judge was preparing to leave the bench, was not a compliance with the terms of the agreement, under which the adverse party had the right to expect that the complaint would be filed regularly and in good time and that the trial of the matter would be in the Court House and in the usual hours of business.

CIVIL ACTION tried at July, 1897 special Term, of PASQUO-TANK Superior Court, before *Greene, J.*, and a jury. There was a verdict for the plaintiff and from the judgment thereon defendant appealed.

*Mr. E. F. Aydlett*, for defendant (appellant).
*Messrs. I. M. Meekins* and *Shepherd & Busbee*, for plaintiff.

MONTGOMERY, J.: The plaintiff and the defendants had a matter in controversy and in order that it might be expeditiously and inexpensively adjusted and settled, they entered into the following agreement: "It is mutually agreed by both parties that the question involving the ownership of

the Electric Light Fixtures in the hotel Arlington, which were placed there by said Electric Light Co. for the Goode Bros. shall be submitted to the Judge at the next term of the Superior Court of Pasquotank County; that a jury trial shall be waived, and the Judge shall hear the case upon the complaint and answer and the evidence, without summons being issued, and his judgment shall be final. Either party failing to comply with this contract shall forfeit and pay to the other the sum of $100, and the said forfeiture may be recovered against the party so failing to comply at any time after the refusal to comply."

The contract is not illegal; it is not against public policy. Is it, though, founded on a consideration good and sufficient so as to give either party upon a violation of it a right of action against the other? We are of the opinion that it is. It was undoubtedly for the benefit of both parties that the question between them should be heard by a court of competent jurisdiction at the very earliest day possible, that the harrassment and worry of a law suit should be ended and the expense should be reduced to the lowest possible amount.

This is the construction of the contract though the benefits are not expressly cited therein; and also it was stipulated that the contemplated litigation should end with the decision of the Judge of the Superior Court—that his decision should be final. The costs of the original process both as to issue and service were to be saved, and the matter was to be heard at a term of the court earlier than that in which causes are tried in the usual course of the courts. The defendants did not set up as a defence that the forfeiture set out in the contract was either unjust or disproportionate to the damage sustained by the plaintiff by reason of the violation of the contract by the defendant, and as it was liquidated the defendant is bound for the whole amount if it should turn out that it has not complied with the contract.

The testimony introduced by the defendant in this action, the plaintiff in the contemplated one, is in substance that after the whole of the business of the court at its March term, 1897, at which term the matter was to be heard, had been finished and the Judge was about to leave the bench, at five o'clock on Saturday afternoon, the counsel of defendant in this suit (the plaintiff in the other) for the first time made a motion to file the complaint. There was no entry of record concerning the motion, and the testimony as to what the Judge said in reply to the motion, and as to whether or not he would hear the case in his room after supper, was conflicting. However that may have been, we are of the opinion that the offer to file the complaint under all the circumstances as shown by the testimony introduced by defendant was not a compliance on the part of defendant with the terms of the contract. The plaintiff in this action as a matter of law under the contract had a right to expect that the complaint in the other matter certainly would have been filed within such time as would give him a reasonable time and opportunity in which to read it and to file his answer and prepare for the hearing of the case.

The agreement was made nearly three months before the March Court, at which the matter was to be heard. The plaintiff in this action—the defendant in that—was not compelled to file his answer and go into the trial of the case within the limited time left him by the defendant. It was not to be understood by the agreement that he should be hurried into the trial in the manner proposed by the plaintiff without having the opportunity to see the complaint until the last day of the term, at an hour near sunset, after the whole business of the court had been dispatched and after the Judge had left the bench. The plaintiff had a right under his agreement to expect that the complaint would have been filed regularly and in good time, and that

the trial of the matter would be in the court house and in the usual hours of business.

With these views it becomes unnecessary to examine either the defendant's exceptions to His Honor's charge or those made for his failure to give the special instruction of the defendant.

No error.